# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 26-00755-CAS (DFM) | Date: | February 12, 2026 |
|---|---|---|---|

| Title | Umair Wasim v. U.S. Immigration and Customs Enforcement et al. |
|---|---|

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) Order to Show Cause**

Petitioner filed a federal habeas petition and motion for a temporary restraining order. See Dkts. 3 ("Petition"), 3 ("TRO"). Petitioner sought release unless Respondent provided a bond hearing. See Petition at 16-17.

The District Judge granted the TRO and ordered Petitioner's immediate release from custody. See Dkt. 8. Respondents have confirmed that Petitioner has been released. See Dkt. 9.

"At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). A case is moot when the court can no longer grant effective relief. See Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997). Federal courts cannot exercise jurisdiction over a case if it is moot, but "[t]he burden of demonstrating mootness is a heavy one." West v. Sec'y of Dep't of Transp., 206 F.3d 920, 924 (9th Cir. 2000). Additionally, when a party voluntarily ceases the allegedly unlawful conduct, that party "bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Id. "Collateral consequences create concrete legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

disadvantages." Alam v. Carter, 843 F.Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted).

Petitioner's release "does not give rise to collateral consequences that are redressable by success on his original petition." Abdala, 488 F.3d at 1065; see also Mejia v. Semaia, 2025 WL 2633165, *2 (C.D. Cal. 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot."); Jazrawi v. Wolf, No. 20-2338, 2021 WL 2916876, at *2 (S.D. Cal. July 12, 2021) (finding that petitioner's release meant "the Petition no longer presents a live case or controversy because the Court cannot order effective relief beyond what Respondents have already provided"); Dam v. Robbins, No. 25-8133 (C.D. Cal. Sept. 16, 2025), Dkt. 7 at 6 (finding that petitioner's claim of re-detention was not ripe where Government maintained that ICE did not intend to detain him); J.P. v. Santacruz, No. 25-01640 (C.D. Cal. Oct. 24, 2025), Dkt. 31 at 6-7 (dismissing habeas petition as moot and explaining, "Critically, the event giving rise to Petitioner's fears has now passed and Petitioner has not been detained or arrested"); Tut v. Noem, 25-02701 (C.D. Cal. Oct. 30, 2025), Dkt. 13 at 3 (denying preliminary injunction as moot and explaining, "The Court understands Petitioners concerns regarding re-detention. Petitioners may seek relief from the Court should they be re-detained by immigration officials and held without bond pursuant to the Government's new policy").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within fourteen (14) days why his Petition should not be dismissed as moot. Failure to respond will result in dismissal.